Meyer, J.
(dissenting). Respectfully I dissent.
The Sixth Amendment to the United States Constitution gives an accused the right “to have the Assistance of Counsel for his defence” (emphasis added) and our State Constitution in section 6 of article I mandates that “the *268 party accused shall be allowed to appear and defend in person and with counsel” (emphasis added).
Nothing in case law or constitutional history suggests that the right to counsel and the right to appear pro se are alternative or that election of one necessarily excludes the other. To the contrary, as the Supreme Court makes clear in Faretta v California (422 US 806), (1) the Federal amendment “speaks of the ‘assistance’ of counsel, and an assistant, however expert, is still an assistant. The language and spirit of the Sixth Amendment contemplate that counsel, like the other defense tools guaranteed by the Amendment, shall be an aid to a willing defendant” (id., at p 820); (2) as the right to counsel learned in the law developed in English criminal procedure, “the accused retained his established right ‘to make what statements he liked’ ” {id., at p 825, quoting 5 Holdsworth, A History of English Law, at p 195, n 17); (3) in the colonies, after the Declaration of Independence, “The right to counsel was clearly thought to supplement the primary right of the accused to defend himself” (id., at pp 829-830 [emphasis supplied]);* and (4) “the colonists and the Framers, as well as their English ancestors, always conceived of the right to counsel as an ‘assistance’ for the accused, to be used at his option, in defending himself” {id., at p 832 [emphasis supplied]). Support for the view that there is a constitutional right to hybrid representation may be found in Welcom, Assistance of Counsel: A Right to Hybrid Representation (57 Boston U L Rev 570, 582-583, 586); Erhard, The Pro Se Defendant’s Right to Counsel (41 U of Cinn L Rev 927, 940); Homiak, Faretta v California and the Pro Se Defense: The Constitutional Right of Self-Representation (25 Amer U L Rev 897, 916-919, 936); but cf. Dreyer, Jury Nullification and the Pro Se Defense: The Impact of Dougherty v United States (21 U of Kan L Rev 47, 52-53).
Though the State Constitution does not go so far as did that of Georgia, whose 1798 Constitution provided (art III, § 8) the accused the right to defend “by himself or counsel, *269 or both,” neither does it, as did the 1780 Massachusetts Declaration of Rights, accord the accused the right to be heard only “by himself, or his counsel at his election” (art XII). Without cogent reason or explanatory constitutional history, however, we should not construe “in person and with counsel” to mean “in person or through counsel” (cf. Wake v Barker, 514 SW2d 692, 695 [Ky]). No suggestion is made that by according the accused a right to standby counsel to assist in his defense the State will bear a greater burden in time or in money than it bears in providing counsel to an accused who does not seek to represent himself. Indeed, our recent recognition of the right to appoint standby counsel “‘even over objection by the accused * * * to aid the accused if and when the accused requests help’ ” (People v Sawyer, 57 NY2d 12, 22) and the holding of the Fifth Circuit in Wiggins v Estelle (681 F2d 266, 273) that standby counsel is “to be used or not used as the defendant sees fit” strongly suggest the contrary (see Wake v Barker, supra; see, also, Welcom, op. cit., at p 584; Erhard, op. cit., at p 940; Homiak, op. cit., at pp 917-919; Brick, Self-Representation in Criminal Trials: The Dilemma of the Pro Se Defendant, 59 Cal L Rev 1479, 1507-1513; Garcia, Defense Pro Se, 23 U of Miami L Rev 551, 562-566; Note, 49 Minn L Rev 1133,1151-1153). Nor, as we and the Supreme Court have made abundantly clear, need a Trial Judge permit the provision of standby counsel to a defendant to be used as an instrument of disruption (People v McIntyre, 36 NY2d 10, 18; Faretta v California, 422 US 806, 834, n 46, supra).
Because I conclude that there is a right under both Federal and State Constitutions of a pro se defendant to have the assistance of standby counsel in his defense, which defendant neither waived nor forfeited, I would reverse the order of the Appellate Division and order a new trial.
Judges Jasen, Jones, Wachtler and Fuchsberg concur with Chief Judge Cooke; Judge Meyer dissents and votes to reverse in a separate opinion; Judge Gabrielli taking no part.
Order affirmed.

 The court cited as an example Thomas Paine’s statement that “the civil right of pleading by proxy, that is, by a council, is an appendage to the natural right [of self-representation].” Examples of contrary civil cases are set forth in Brasier v Jeary (256 F2d 474, 476-477).